IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CURTIS WAYNE HARWELL, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-cv-584-MJR |
| JAMES DAVIDSON, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Southwestern Illinois Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

**THE COMPLAINT**

Plaintiff's complaint consists of two counts.

**COUNT 1:** Plaintiff alleges that he suffers from hepatitis C and that, despite this, he was forced to work in the dietary unit where (according to Plaintiff) he presented a danger to the health of other inmates. Liberally construing the complaint, Plaintiff appears to allege that requiring him to work in dietary violated his Eighth Amendment rights.

**COUNT 2:** Plaintiff alleges that he has been allowed only limited access to the law library and that inmate law clerks are not sufficiently trained. Plaintiff claims a violation of his right to access the courts.

<u>DISCUSSION</u>

**A. Eighth Amendment claim.**

Plaintiff's claim that he was required to work in the dietary unit at Southwestern Illinois Correctional Center even though he has hepatitis C should be dismissed pursuant to 28 U.S.C. § 1915A. Plaintiff does not allege that working in the dietary unit is a danger to *him* or that such work is beyond his capacity due to his illness. Instead, Plaintiff appears to be attempting to assert claims on behalf of other inmates who (Plaintiff contends) *may* have become infected with hepatitis C from him. Plaintiff, however, lacks standing to bring such a suit. *See Elk Grove Unitfied School Dist. v. Newdow*, 542 U.S. 1, 12 (2004); *Kendrick v. Freeman*, 2008 WL 1816465 at *2 (N. D. Ind. April 21, 2008).

Additionally, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir.

2

1981). Plaintiff has failed to allege any facts indicating that the sole Defendant, Warden Davidson, was personally responsible for this alleged violation of Plaintiff's rights. Therefore, Plaintiff's Eighth Amendment claim should be dismissed.

**B. Access to the courts.**

Plaintiff's claim that he is being denied access to the courts should also be dismissed pursuant to 28 U.S.C. § 1915A. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also Lewis v. Casey*, 518 U.S. 343, 352-53 (1996) (an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* Plaintiff's complaint fails to allege that Plaintiff has suffered actual prejudice to a non-frivolous claim. Therefore, Plaintiff's access to the courts claims must be dismissed.

#### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED this 24th day of March, 2009.**

                                                **s/ Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**